IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : |
| Plaintiff, | : : |
| v. | CIVIL ACTION NO. : : |
| RANEW'S MANAGEMENT COMPANY, INC., RANEW'S TRUCK & EQUIPMENT COMPANY, LLC, RANEW'S FLEET SERVICE, LLC, RANEW'S OUTDOOR EQUIPMENT, INC., RANEW'S COMPANIES, LLC, and RANEW'S WELL SERVICES DIVISION, LLC, | : : : : : : : : JURY TRIAL DEMAND : |
| Defendants. | : : |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to J. Bryant Beeland ("Beeland"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants Ranew's Management Company, Inc., Ranew's Truck & Equipment Company, LLC, Ranew's Fleet Service, LLC, Ranew's Outdoor

Equipment, Inc., Ranew's Companies, LLC, and Ranew's Well Services Division, LLC (collectively "Defendants") discriminated against Beeland by terminating his employment because of his disability or because he was regarded as disabled.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §

2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have conducted business in the State of Georgia and have continuously maintained at least 15 employees.

5. At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

6. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Upon information and belief, Defendants have interrelated operations, common management, centralized control of labor relations, and common management and financial control.

8. Upon information and belief, Defendants were so integrated with respect to ownership and operations so as to constitute a single or integrated employer for purposes of the ADA.

9. Upon information and belief, Defendants jointly controlled the terms and conditions of employment of Beeland so as to constitute joint employers for purposes of the ADA.

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Beeland filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendants.

11. On June 4, 2021, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. On September 10, 2021, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. In or around September 2011, Beeland was hired by Defendants, who provide fabrication, coatings, assembly, and logistics services to local, state, national, and international clients.  Beeland was last employed as Defendants' Chief Financial Officer.

15. Since at least October 2018, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

16. Beeland is a qualified individual with a disability as defined under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Beeland has a mental impairment, major, severe, recurring depression, which substantially limits him in the operation of major bodily functions, including the functions of the brain and neurological systems. Beeland's mental impairment also limits him in major life activities, that include but are not limited to, working, sleeping, concentrating, and thinking.

17. On or about August 22, 2018, Beeland began experiencing suicidal thoughts.

18. On or about September 2, 2018, Beeland informed Defendants' CEO of his condition, expressing that Beeland believed he needed to get some help.

19. On or about September 4, 2018, Beeland went to work, but was still experiencing suicidal thoughts. The thoughts became overwhelming and Beeland decided that he needed leave to obtain professional help. Beeland informed Defendants' Comptroller that he needed to go to Coliseum Medical Center for Behavioral Health ("Coliseum"). The Comptroller informed the CEO, who

responded to the Comptroller, saying it was good that Beeland was going to Coliseum.

20. After being assessed at Coliseum, Beeland returned to work and informed the CEO that he was scheduled to start attending Coliseum's outpatient Behavioral Health Program beginning on September 6, 2018.

21. Beeland began attending Coliseum's Behavioral Health Program after work on September 5, 2018 and attended the program for five (5) days.

22. On or about September 12, 2018, Beeland was diagnosed with major, severe, recurring depression.

23. After the Behavioral Health Program concluded, Beeland met with a therapist and psychiatrist, both of whom recommended Beeland take two to three weeks off from work to treat his severe depression.

24. Accordingly, Beeland met with the CEO to inform him of Beeland's diagnosis and his doctors' recommendations. In response, the CEO told Beeland to "take three weeks, three months, three years, whatever it takes to get yourself back to you."

25. Over the next three weeks, Beeland's psychiatrist was trying to determine the correct prescription antidepressants for Beeland.

26. On or about October 19, 2018, Beeland suffered a major setback and

once again had suicidal thoughts. Beeland's wife admitted him to Coliseum the following day for treatment.

27. Beeland's doctor placed him on a different antidepressant, eliminating his suicidal thoughts within 24 to 48 hours. Beeland was discharged from Coliseum on October 22, 2018, with a release to return to work on October 29, 2018 from his doctor.

28. On or about October 23, 2018, Beeland met with the CEO and Comptroller to discuss his condition and prognosis. At this meeting, Beeland informed the CEO and Comptroller he had been released to return to work by his doctor as of October 29, 2018 and presented a return-to-work note from his doctor. In response, the CEO asked Beeland, "how a doctor could see you one time and give you clearance to work," and "how can I trust you to do my accounting work if you have another episode?" and terminated Beeland's employment, effective immediately.

29. Beeland was absent for a total of six (6) weeks during which time, he met with the CEO in-person on a weekly basis to provide him with updates on his progress and return-to-work status.

30. At no point prior to Beeland's attempt to return to work did Defendants inform him of any issue with his attendance or work performance.

31. Defendants regarded Beeland as disabled and unable to perform the essential functions of his position because of his mental impairment.

32. The effect of the practice(s) complained of above has been to deprive Beeland of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Beeland's federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns and all persons in active concert or participation with it, from discharging employees because of their actual or perceived disability and/or engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make Beeland whole, by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to, reinstatement or front pay in lieu of reinstatement.

D.   Order Defendants to make Beeland whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendants to make Beeland whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Beeland punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this

Complaint.

                    Respectfully submitted,

                    GWENDOLYN YOUNG REAMS
                    Acting General Counsel

                    CHRISTOPHER LAGE
                    Deputy General Counsel

                    MARCUS G. KEEGAN
                    Regional Attorney

                    LAKISHA DUCKETT ZIMBABWE
                    Supervisory Trial Attorney

                    <u>/s/ *Robyn Flegal*</u>
                    Robyn M. Flegal
                    Trial Attorney
                    Georgia Bar No. 599572
                    U.S. Equal Employment Opportunity Commission
                    Atlanta District Office
                    100 Alabama St., SW, Suite 4R30
                    Atlanta, GA 30303
                    robyn.flegal@eeoc.gov
                    (404) 769-4356 (mobile)