IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 5:21-CV-00443-MTT : |
| RANEW'S MANAGEMENT COMPANY, INC., RANEW'S TRUCK & EQUIPMENT COMPANY, LLC, RANEW'S FLEET SERVICE, LLC, RANEW'S OUTDOOR EQUIPMENT, INC., RANEW'S COMPANIES, LLC, and RANEW'S WELL SERVICES DIVISION, LLC, | : : : : : : : : : : |
| Defendants. | : : |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendants

Ranew's Management Company, Inc., Ranew's Truck & Equipment Company, LLC, Ranew's Fleet Service, LLC, Ranew's Outdoor Equipment, Inc., Ranew's Companies, LLC, and Ranew's Well Services Division, LLC (collectively "Ranew's" or "Defendant") discriminated against J. Bryant Beeland ("Beeland") by discharging him because of his disability and/or because Defendant regarded him as disabled, in violation of the ADA.

The Commission, Plaintiff-Intervenor Beeland, and Defendant (collectively, "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate, on the basis of disability, against any applicant or employee who can perform the essential functions of the position with or without a reasonable accommodation, by denying an applicant or employee with a disability a reasonable accommodation, or by discharging an employee due to their disability.

2. Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Beeland the sum of two hundred fifty thousand dollars ($250,000.00) in settlement of the claims raised in this action. Defendant shall make the payment as agreed by Defendant and Intervenor Counsel. Payment shall be made within ten (10) business days after the Court approves this Consent Decree. Within five (5) business days after the payment has been made, Defendant shall send to the Commission a copy of the payments and proof of delivery to Beeland.

Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs

that Beeland may or may not incur on such payments under local, state and/or federal law.

4.     Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel file of Beeland any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2019-04300, to include his complaints of discrimination, his requests for leave as a reasonable accommodation in 2018, Defendant's internal communications regarding Beeland's medical conditions and requests for leave in 2018, and the related events that occurred thereafter, including the filing of his EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.     Defendant shall create and disseminate a formal, written ADA policy (the "Policy") which shall address the ADA's prohibition of discrimination against any person on the basis of disability within the meaning of the ADA and the process and procedures for requesting and evaluating a reasonable accommodation under the ADA.

A copy of the Policy will be provided to the EEOC for review within thirty (30) calendar days after the Court's entry of this Consent Decree. Thereafter, copies

of the Policy will be distributed to each of Defendant's employees and managers within forty-five (45) calendar days after the Court's entry of this Consent Decree. New employees will receive a hard copy of the Policy on or before their first day of work. A copy of the Policy shall be included in any relevant policy or employee manual maintained by Defendant.

6. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5 above in each of their facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) calendar days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7. During the term of this Consent Decree, Defendant shall provide a training program to all its managers, supervisors, and employees. The training program shall include an explanation of the requirements of the ADA, including its reasonable accommodation requirements, interactive process, and its prohibitions on discrimination on the basis of disability. The training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The training program shall be completed within sixty (60) calendar days after entry of this Consent Decree by the Court.  At least fifteen (15) business days prior to the program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda.  Within ten (10) business days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8.	Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due six (6) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. the identities of all individuals who have reported any incidents of disability discrimination, to include any complaints that the individual was discharged because of their disability or because they were regarded as disabled, including each person's name, address, telephone number, and position title;

    B. for each individual identified in 9.A above, explain what actions were taken by Defendant in response to the individual's report;

    C. for each individual identified in 9.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    D. for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents.

11. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for one (1) year from its entry by the Court.

13. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Carey Olson (carey.olson@mgmesq.com). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to:

>Marcus G. Keegan
>Regional Attorney
>Equal Employment Opportunity Commission
>Sam Nunn Atlanta Federal Center
>100 Alabama Street, SW
>Suite 4R30
>Atlanta, Georgia 30303

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____  _____
Date                                                          Judge, U.S. District Court
                                                                      Middle District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, Georgia 30303
(404) 769-4536
robyn.flegal@eeoc.gov

**Attorneys for Plaintiff EEOC**

/s/ *Carey E. Olson (wep by Robyn Flegal)*
Carey E. Olson
Georgia Bar No. 843080
McLaughlin Law Firm
11575 Great Oaks Way
Suite 100
Alpharetta, Georgia 30022
(678) 283-0984 (phone)
(470) 415-5510 (fax)
carey.olson@mgmesq.com

**Attorney for Defendants**

/s/ *Dean R. Fuchs (wep by Robyn Flegal)*
Dean R. Fuchs
Georgia Bar No. 279170
Schulten Ward Turner & Weiss LLP
260 Peachtree Street NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 (main)
(404) 688-8277 (direct)
(404) 688-6840 (fax)
d.fuchs@swtwlaw.com

**Attorney for Plaintiff-Intervenor**